IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD GOODE, SR.,

                Plaintiff,                              ORDER

    v.                                                           12-cv–830-wmc

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

---

On March 19, 2015, the court issued an order and judgment remanding this case to the commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) pursuant to stipulation of the parties. Now before the court is plaintiff Richard Goode Sr.'s attorney's petition for fees pursuant to § 406(b)(1) in the amount of $7,983.50. (Dkt. #19.) Defendant does not object to this motion. (Dkt. #22.)

      **Fees under 42 U.S.C. § 406**

As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Counsel asks the court to approve an attorney fee award in the amount of $7,983.50, which represents the difference between the prior EAJA fee award and 25 percent of $101,934.00 that was awarded to plaintiff in past-due benefits.[1] Having considered the

---

[1] The court notes that 25 percent of $101,934.00 is $25,483.50; however counsel was previously awarded EAJA fees in the amount of $7,500 (dkt. #17) and has submitted a fee petition to the administrative law judge in the amount of $10,000.

1

supporting materials filed by plaintiff's attorney, and hearing no objection from plaintiff or defendant, the court will grant the motion. The fees requested by counsel are reasonable in light of the time he spent on this case and the favorable result he obtained for plaintiff while working on a contingency basis.

Of course, counsel is not allowed to recover both awards. Section 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

ORDER

IT IS ORDERED that counsel's motion for attorney fees under 42 U.S.C. § 406(b)(1) in the amount of $7,983.50 (dkt. #19) is GRANTED.

Entered this 15th day of October, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge